MATTHEW D. HALEY (Bar No. 104493)
FULVIO F. CAJINA (Bar No. 289126)
THE HALEY LAW OFFICES, P.C.
1633 San Pablo Avenue
Oakland, CA 94612
Telephone: (510) 444-1881
Facsimile: (510) 444-5108
Email: matt@haleylaw.com
       fulvio@haleylaw.com

CATHERINE HALEY (Bar No. 164663)
LAW OFFICES OF CATHERINE HALEY
1633 San Pablo Avenue
Oakland, CA 94612
Telephone: (510) 444-1881
Facsimile: (510) 444-5108
Email: catherine@catherinehaleylaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NXXXXXX RXXXXX, a minor, by and through her guardian ad litem, NATASHA STEPHENS, individually and as Successor in Interest to Decedent MARIO ROMERO; CYNQUITA MARTIN, individually and as guardian ad litem for DXXXX MXXXXX and DXXXXX MXXXXX, both minors; AHN KHE HARRIS, individually; and AHN LOC HARRIS, individually;<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF VALLEJO, a government entity; JOSEPH M. KREINS, Chief of the Vallejo Police Department; DUSTIN B. JOSEPH, officer in the Vallejo Police Department; SEAN G. KENNEY, officer in the Vallejo Police Department; and DOES 1-50,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS WITH PENDENT CLAIMS FOR VIOLATION OF THE CALIFORNIA STATE CONSTITUTION, LAW AND STATUTES**<br><br>**JURY TRIAL DEMANDED** |

---

1

**COMPLAINT FOR DAMAGES**

Plaintiffs, acting by and through their attorneys, demanding a jury trial, bring this action against defendants and Does 1 through 50, inclusive, for general, compensatory, punitive, and statutory damages, costs and attorneys' fees resulting from defendants' unlawful and tortious conduct, and as grounds therefore alleges as follows:

## I. THE PARTIES

1. Plaintiff NXXXXXX RXXXXX, a minor, is the sole surviving daughter of decedent, MARIO ROMERO, a United States citizen. NXXXXXX RXXXXX, also a United States citizen, has resided with her mother and guardian ad litem, NATASHA STEPHENS, in the County of Solano, State of California, at all times relevant to this complaint. NXXXXXX RXXXXX is the successor in interest to all actions belonging to Decedent Mr. ROMERO pursuant 42 U.S.C. § 1988 and California Code of Civil Procedure § 377.32 given that there is no personal representative of the estate of Mario Romero.

2. Plaintiff CYNQUITA MARTIN is a sister of decedent, MARIO ROMERO, and resided at the property where the incident in question took place. Ms. MARTIN has resided in the County of Solano, State of California, at all times relevant to this complaint and is a United States citizen.

3. Plaintiff, DXXXX MXXXXX, a minor, is a son of Ms. MARTIN. DXXXX has resided with his mother and guardian ad litem, CYNQUITA MARTIN, in the County of Solano, State of California, at all times relevant to this complaint and is a United States citizen.

4. Plaintiff, DXXXXX MXXXXX, a minor, is a daughter of Ms. MARTIN. DXXXXX has resided with her mother and guardian ad litem, CYNQUITA MARTIN, in the County of Solano, State of California, at all times relevant to this complaint and is a United States citizen.

5. Plaintiff AHN KHE HARRIS is a sister of decedent, MARIO ROMERO, and resided at the property where the incident in question took place. Ms. A.K. HARRIS has resided in the County of Solano, State of California, at all times relevant to this complaint and is a United States citizen.

///

6. Plaintiff AHN LOC HARRIS is a sister of decedent, MARIO ROMERO, and resided at the property where the incident in question took place. Ms. A.L. HARRIS has resided in the County of Solano, State of California, at all times relevant to this complaint and is a United States citizen.

7. Defendant CITY OF VALLEJO ("VALLEJO") operates under the council-manager form of government consisting of Mayor and a City Manager elected as provided by state law. VALLEJO has the powers and duties prescribed by statute and by municipal ordinances, including the power and duty to oversee, manage, and supervise the Vallejo Police Department and to hire the Chief of the Vallejo Police Department.

8. At all times mentioned herein, defendant JOSEPH M. KREINS was the Chief of the Vallejo Police Department. He is sued in his individual and official capacities.

9. At all times mentioned herein, defendant DUSTIN B. JOSEPH was an Police Officer Badge No. 585, employed by the Vallejo Police Department and was acting within the course and scope of his employment and under color of law. He is sued in his individual and official capacities.

10. Defendant SEAN G. KENNY was a Police Officer Badge No. 604, employed by the Vallejo Police Department and was acting within the course and scope of his employment and under color of law. He is sued in his individual and official capacities.

11. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues those defendants by such fictitious names. Plaintiffs will amend their complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants was a police officer, administrator, and/or other employee of the City of Vallejo, and is responsible in some manner for the injuries and damages suffered by plaintiffs as are alleged herein.

12. At all times relevant hereto, DOES 1 through 50 were acting within the course and scope of their employment and were directly involved in the actins which caused injury and damages to plaintiffs herein.

13. At all times relevant hereto, defendants sued herein were acting under color of state law.

## II. JURISDICTION AND VENUE

14. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This court has jurisdiction over plaintiffs' claim under 28 U.S.C. § 1331 and under 28 U.S.C. § 1343(a). This court has further jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367 as those claims form part of the same case or controversy under Article III of the United States Constitution.

15. At all times pertinent to this Complaint and in taking all of the actions described in this Complaint, defendants, and each of them, acted and threatened to act under color of state law.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in Solano County, which is located in this district.

## III. PRELIMINARY ALLEGATIONS

17. In 2012, there was a spike in the number of Vallejo Police Department shootings in the City of Vallejo. VALLEJO officers were involved in ten (10) shootings that resulted in six (6) civilian fatalities. In none of the shootings were officers ever fired upon.

18. In the early morning of September 2, 2012, decedent Mario Romero and a friend, Joseph Johnson, arrived to their home located on the corner of Pepper Drive and Lofas Place in the City of Vallejo, California. Mr. Romero, who was driving a white Ford Thunderbird, parked his vehicle on the curb next to his home and proceeded to turn off the ignition to his car. Both Mr. Romero and Mr. Johnson remained in the Thunderbird.

19. At or near the same time, a City of Vallejo Police Department vehicle (the "Cruiser"), with two City of Vallejo Police Department officers, pulled up onto the street and headed toward the Thunderbird from the opposite direction. One of the officers was Dustin Joseph, the front passenger. The other officer was defendant Sean G. Kenny, the driver of the Cruiser. Noticing only that two African American men sat in the vehicle, the cruiser, instead of

4
**COMPLAINT FOR DAMAGES**

passing, stopped several yards in front of Mr. Romero's vehicle, in middle of the street, facing Mr. Romero's Ford Thunderbird and the Officers illuminated the Thunderbird with their headlights and spotlight.

20. To the extent Mr. Romero and Mr. Johnson were instructed to do things by the officers, they complied. Neither Mr. Romero nor Mr. Johnson were armed and neither one of them ever brandished anything in a threatening manner to the Police Officers.

21. At or near the same time, Mr. Romero's sisters, Cynquita Martin, Anh Khe Harris ("Anh Khe"), and Anh Loc Harris ("Anh Loc"), child 1 and several nephews, were in his dwelling located on the corner of Pepper Drive and Lofas Place which has a bay window that looks directly out to where the Cruiser and the Thunderbird were located. Ms. Martin was asleep while her twin sisters, Anh Khe and Anh Loc were awake, waiting for Messrs. Romero and Johnson to enter the home. Anh Khe and Mr. Johnson are romantically involved and together are the parents of a small child, who was only a few weeks old on the day of the shooting.

22. The commotion outside awakened all and Ms. Martin, who, after pulling her children to the floor, joined her two sisters at the windows of the dwelling. From bay windows that looked out directly where the vehicles were, the three sisters and the children could perceive, by sight and sound, the events that unfolded and the injuries that were sustained by Mr. Romero and Mr. Johnson.

23. In these circumstances, without justification or cause, and without any warning, Officer Joseph opened lethal fire on Mr. Johnson and Mr. Romero with multiple rounds entering the windshield and striking and incapacitating both Mr. Romero and Mr. Johnson.

24. Upon information and belief, Officer Joseph has a history of employing aggressive police tactics while on duty, having, among other things, tasered a handicapped civilian in the back of the neck, and having arrested a minor on suspicion of possessing cocaine, which substance turned out to be Ibuprofen.

///

///

///

25. While Mr. Romero lay bleeding inside the car, officers instructed both Mr. Romero and Mr. Johnson to put their hands up. Mr. Romero, who was injured, tried to comply and Mr. Johnson put his hands outside the passenger side window. Nonetheless, both officers resumed shooting into the vehicle, again striking both Mr. Romero and Mr. Johnson.

26. Officer Joseph approached the vehicle, re-loaded, and then jumped up on the hood of the vehicle, pointing his service revolver again down into the windshield and fired several more rounds.

27. While Officer Joseph was atop the hood of Mr. Romero's car, Ms. Martin called out to him to stop shooting and told the officer that neither Mr. Romero nor Mr. Johnson was armed. Officer Joseph made eye contact with Ms. Martin, exchanged words with her, and continued shooting into the vehicle.

28. The officers did not stop shooting until they believed both passengers to be dead, and continued shooting until they saw no movement inside the vehicle. Upon information and belief, over thirty (30) rounds were fired into the vehicle, killing Mr. Romero and gravely injuring Mr. Johnson.

29. After the officers stopped shooting, one or both went to the driver's door, opened it, cut the seatbelt holding Mr. Romero in his seat, pulled Mr. Romero out of the vehicle, and lay him on the street, dying. Within minutes several other police cruisers and emergency response vehicles were on the scene.

30. Inside the dwelling, Ms. Martin and her sisters prepared to go to the hospital to be with their loved ones. Ms. Martin opened the door of her house and proceeded to exit. As Ms. Martin proceeded to step outside her house, an unidentified police officer pointed a gun at her face and, while yelling at her that he would "Shoot her", the officer ordered Ms. Martin and her sisters back into the house. Fearing for their lives and under threat of force, Ms. Martin, Anh Khe, Anh Loc and their children were not allowed to exit the dwelling for several hours. All the while, they wanted to be at the hospital with their loved ones and other family members.

31. Ms. Martin, Anh Khe, and Anh Loc would later find out that Mr. Romero died from his injuries at a Kaiser Permanente Hospital in Vallejo, California.

32. Since the day of the shooting, as a result of witnessing the death and injuries of and to their loved ones, and due to their imprisonment in their home under threat of force, Ms. Martin, Anh Khe and Anh Loc have sustained, and continue to sustain, pain and mental suffering.

33. Neither Officer Joseph nor Officer Kenny had any reason or justifiable cause whatsoever to stop, confront or much less use deadly force on Mario Romero. Mario Romero was unarmed, did not threaten or pose any threat to either of the officers, and complied with the officers' verbal commands, which were issued until after they had begun firing into decedent's vehicle at which time he was unable to comply.

34. Indeed, the sole reason the young men were confronted by the Officers was because they were African Americans.

35. Upon information and belief, Dustin Joseph and Sean G. Kenny failed to perform their official duties in a reasonable manner by using unreasonable force (i.e, excessive force) and/or intentionally battering and assaulting Mr. Romero. In so doing, Officers Dustin Joseph and Sean G. Kenny (i) unlawfully deprived Mr. Romero, among other rights and privileges, of life without due process of law as prescribed by the California and federal constitutions, and (ii) unlawfully violated Mr. Romero's right to be free from unreasonable searches and seizures and unreasonable force, and (iii) violated section 1983 of title 42 of the United States Code, 42 U.S.C § 1983, and the California Bane Act, California Civil Code § 52.1.

36. As a direct and proximate result of Defendants' conduct and violation of Mr. Romero and Mr. Johnson's Federal and State rights, Mario Romero was killed causing the minor plaintiff to sustain substantial economic losses, including loss of economic support as well as the loss of her father's society, care, comfort, solace, companionship, advice and more.

37. As a direct and proximate result of Defendants' conduct and violation of Mr. Romero and Mr. Johnson's Federal and State rights, plaintiffs witnessed the injury-producing events and sustained and will sustain in the future serious and substantial emotional distress.

38. Upon information and belief, the individual defendants acted in accordance with established policy, practice, custom, and/or procedure of VALLEJO, which violated the

1  Plaintiffs' known constitutional rights. Upon information and belief, the defendants acted in
2  accordance with the unconstitutional policy, which authorized officers to stop, detain, and
3  investigate certain drivers who matched a "profile" based upon unconstitutionally discriminatory
4  factors of age, race, and sex. Mr. Romero fit the unconstitutional profile.

5  39.  Upon information and belief, VALLEJO, by and through its police department, deliberately and indifferently failed to provide training to the individual defendants on the proper and lawful use of deadly force, resulting in the deprivation of constitutional rights of VALLEJO's inhabitants.

9  40.  A proper and valid claim was presented to the City of Vallejo on February 8, 2013 and said claim was denied by the City of Vallejo on April 8, 2013. This complaint is timely filed within 6 months of said filing.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Violation of the Civil Rights Act, codified as 42 U.S.C. § 1983, and the California Bane Act: Excessive Force resulting in Wrongful Death)**

41.  The allegations set forth in Paragraphs 1 through 40 are re-alleged and incorporated herein by reference.

42.  Plaintiff NXXXXXX RXXXXX alleges that Defendants, jointly and/or severally, deprived Decedent of his Fourth Amendment rights, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution as incorporated and applied to the states through the Fourteenth Amendment, as well as Decedent's rights, as codified in the California Bane Civil Rights Act, in the following ways:

43.  By using excessive and deadly force in the course of Officers Joseph and Kenny stopping of the Decedent, in violation of the Fourth Amendment and its reasonableness standard. Plaintiff NXXXXXX RXXXXX pleads that Decedent was unreasonably stopped and shot and killed, thus depriving Decedent of his state and constitutional rights to life without due process of law. This action resulted (i) proximately and directly in the death of NXXXXXX RXXXXX's

father, and (ii) only from a use of force that was clearly excessive to the need, and was objectively and subjectively unreasonable; and,

44. By failing to provide supervision and/or proper training to prevent such incidents of excessive force.

45. Defendants' violations of Decedent's constitutional rights resulted in Decedent's suffering and death and were a proximate and direct cause of Plaintiff NXXXXXX RXXXXX's injuries arising from Decedent's wrongful and intentional death.

46. Defendants' conduct as described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff NXXXXXX RXXXXX seeks an award of punitive and exemplary damages in an amount according to proof, in addition to economic and non-economic damages.

## SECOND CAUSE OF ACTION

**(Violation of the Civil Rights Act, codified as 42 U.S.C. § 1983, and the California Bane Act: Discrimination)**

47. The allegations set forth in Paragraphs 1 through 46 are re-alleged and incorporated herein by reference.

48. Plaintiff NXXXXXX RXXXXX, as successor in interest of Decedent Mr. ROMERO, alleges that Defendants, jointly and/or severally, deprived Plaintiff's Decedent of his Fourth Amendment rights, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution as incorporated and applied to the states through the Fourteenth Amendment, as well as Decedent's rights, as codified in the California Bane Civil Rights Act, in the following ways:

49. By stopping Decedent outside his home without cause, solely because he was a young African American male, and thus, in violation of Decedent's Fourth Amendment right against unlawful search and seizures and Fourteenth Amendment right to equal protection under the law. Plaintiff NXXXXXX RXXXXX pleads that Decedent was unlawfully stopped outside

///

his home due to racial profiling, which is also prohibited under the California Bane Act. This action was objectively and subjectively unreasonable; and

50. By failing to provide supervision and/or proper training to its officers to prevent such incidents of racial profiling.

51. Defendants' violations of Decedent's constitutional rights directly and proximately resulted in Decedent's injuries, including, ultimately, Decedent's wrongful and intentional death.

52. Defendants' conduct as described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff NXXXXXX RXXXXX, as successor in interest to Decedent, seeks an award of statutory penalties of $25,000, as provided by Civil Code § 52(b), punitive and exemplary damages in an amount according to proof, in addition to economic and non-economic damages.

### THIRD CAUSE OF ACTION

**(Violation of the Civil Rights Act, codified as 42 U.S.C. § 1983, and the California Bane Act: False Imprisonment)**

53. The allegations set forth in Paragraphs 1 through 52 above are re-alleged and incorporated herein by reference.

54. Plaintiffs CYNQUITA MARTIN, DXXXX and DXXXXX MXXXXX, AHN KHE HARRIS, and AHN LOC HARRIS allege that Defendants, jointly and/or severally, deprived Plaintiffs' of their Fourth Amendment rights, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution as incorporated and applied to the states through the Fourteenth Amendment, as well as their rights, as codified in the California Bane Civil Rights Act, in the following ways:

55. By falsely imprisoning the plaintiffs for several hours, under the threat of being shot and killed if plaintiffs were to exit their home, immediately following Defendants' unlawful shooting and killing of Plaintiffs' Decedent. Plaintiffs reasonably believed, after being threatened with a loaded weapon, that if they were to exit their home, Defendants would commit acts of

///

violence against them. This action was objectively and subjectively unreasonable and done under Defendants' scope of employment; and

56. By failing to provide supervision and/or proper training to prevent such incidents of federal and state constitution violations.

57. Defendants' violations of plaintiffs' federal and state constitutional rights resulted and were a proximate and direct cause of Plaintiffs injuries, including, but not limited to, mental pain and suffering.

58. Defendants' conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, Plaintiffs seek an award of punitive and exemplary damages in an amount according to proof.

59. As a proximate result of the wrongful acts of Defendants, Plaintiffs are entitled to recover a statutory civil penalty of $25,000 each, as provided by Civil Code § 52(b), in addition to economic and non-economic damages.

### FOURTH CAUSE OF ACTION
### (Monell - 42 U.S.C. Section 1983)

60. The allegations set forth in Paragraphs 1 through 59 above are re-alleged and incorporated herein by reference.

61. Defendants VALLEJO, Chief Kreins and Does 1-50 and each of them, individually and in their official capacities are official policy makers for the City of Vallejo Police Department.

62. Plaintiffs are informed and believe and based thereon state that there were no less than 10 police shootings between May 25, 2012 and October 21, 2012 resulting in at least 6 citizen fatalities. These shootings, and other conduct, were a result of the customs, policies and procedures implemented and ratified by Defendants VALLEJO and Chief Kreins and created a culture of indifference toward the lives and civil rights of the citizens, including Mr. Johnson and Romero.

11
**COMPLAINT FOR DAMAGES**

63. Plaintiffs are further informed and believe and based thereon allege that the acts and omissions of Defendants JOSEPH, KENNEY and Does 1 – 50 are indicative and representative of a repeated course of conduct by members of the Vallejo Police Department and are tantamount to a custom, policy and/or repeated practice of condoning and tacitly encouraging the abuse of police authority in disregard, and indifference of the violations of the constitutional rights of citizens, including those similarly situated to Mr. Romero and Mr. Johnson, which included but are not limited to:

 a. Failure to treat citizens equally in investigating crimes, making arrests and enforcing the laws;

 b. Failure to protect the citizens from individuals acting under the color of law who repeatedly acted immorally and unethically, frequently used unreasonable excessive and deadly force and illustrated a propensity to discriminate based upon constitutionally protected classes;

 c. Failure to train officers in the proper used of force against citizens equally and irrespective of their race, color or national origin.

 d. Providing false and/or misleading information;

 e. Causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading evidence and statements;

 f. Failure to institute and enforce a consistent disciplinary policy;

 g. Failure to adequately and appropriately hold police officers accountable for misconduct;

 h. Failure to properly and fairly investigate complaints about officers' misconduct;

 i. Failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens, including Mr. Johnson and Mr. Romero.

 j. Failure to adequately or appropriately train officers in making detentions, arrests and/or in the appropriate use of force.

**COMPLAINT FOR DAMAGES**

64. As a direct and proximate result of Defendants' policies, customs and/or practices and deliberate indifference to citizen's rights, including Mr. Johnson and Mr. Romero, Plaintiffs and Mr. Romero were deprived of constitutional rights guaranteed under the United States Constitution and is Fourth and Fourteenth Amendments including, but not limited to:

    a. The right not to be deprived of life, liberty or property without due process of law;

    b. The right to be free from unreasonable searches and seizures;

    c. The right to be free from the unreasonable and excessive use of force;

    d. The right to equal protection under the law;

    e. The right to familial relationships; and

    f. The right to enjoy civil and statutory rights.

65. As a direct and proximate result of Defendant VALLEJO, Chief Kreins and Does 1 – 50's acts and/or omissions, Mr. Romero was killed and NXXXXXX RXXXXX has lost the economic support her father would otherwise have provided her as well as the loss of society, care comfort companionship, advice, solace and more.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction Of Emotional Distress)

66. The allegations set forth in Paragraphs 1 through 65 above are re-alleged and incorporated herein by reference.

67. Plaintiffs CYNQUITA MARTIN, DXXXX and DXXXXX MXXXXX, AHN KHE HARRIS, and AHN LOC HARRIS allege that Defendants, jointly and/or severally, intentionally inflicted emotional distress on Plaintiffs in the following ways:

68. By engaging in outrageous conduct, including, but not limited to, discharging over 30 bullets into the car of Decedent outside Decedent's home and in plain view of Decedent's family, Plaintiffs, who were pleading with Defendants not to shoot their unarmed relative from their living room window; and,

///

69. By acting with reckless disregard of the probability that such conduct would result in Plaintiffs suffering emotional distress.

70. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered, and continue to suffer, severe emotional distress.

71. Defendants' conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, Plaintiffs seek an award of punitive and exemplary damages in an amount according to proof, in addition to economic and non-economic damages.

## SIXTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

72. The allegations set forth in Paragraphs 1 through 71 above are re-alleged and incorporated herein by reference.

73. Plaintiffs CYNQUITA MARTIN, DXXXX and DXXXXX MXXXXX, AHN KHE HARRIS, and AHN LOC HARRIS allege that Defendants, jointly and/or severally were negligent in the following ways:

74. By engaging in negligent and careless conduct, including, but not limited to, discharging over 30 bullets into the car of Decedent without any risk being posed to them by the decedent or his passenger;

75. By failing to properly and clearly analyze the situation and negligently stopping, addressing and ultimately shooting the decedent;

76. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered, and continue to suffer, the substantial and serious emotional distress, anxiety and malaise.

77. Defendants' conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, Plaintiffs seek an award of punitive and exemplary damages in an amount according to proof, in addition to economic and non-economic damages

///

///

///

## SEVENTH CAUSE OF ACTION

### (Negligence - Wrongful Death)

78. The allegations set forth in Paragraphs 1 through 77 above are re-alleged and incorporated herein by reference.

79. Plaintiff NXXXXXX RXXXXX, a minor, is the sole surviving daughter of Mr. Romero and was dependent on him for financial support and affection and accordingly has standing to bring this action under Code of Civil Procedure Section 377.60 to bring an action arising out of the wrongful death of Mr. Romero

80. Defendants, and each of them, were negligent and careless in their hiring, training, oversight, management, and actions on the evening of this event. Said negligent actions include:

   a. Failing to properly train and supervise the officers;

   b. The officers' negligent failure to properly and evenly assess the situation and the risk presented to them;

   c. The officer's negligent determination they were at risk when no such risk existed;

   d. The officers' negligent over-reaction and use of excessive and unreasonable force in response to the perceived threat;

   e. The officers' repeated discharge of their firearm when the perceived threat was incapacitated including the discharge of over 30 rounds into the car of Decedent without any risk being posed to them by the decedent or his passenger;

81. As a direct and proximate result of Defendants' actions, Mr. Romero was killed and Plaintiff NXXXXXX RXXXXX, a minor suffered, and continue to suffer, the loss of society, care, comfort, companionship, solace and more as well as the economic support of decedent.

82. Defendants' conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, Plaintiffs seek an award of punitive and exemplary damages in an amount according to proof, in addition to economic and non-economic damages.

///

///

## EIGHTH CAUSE OF ACTION
## (Intentional - Wrongful Death)

83. The allegations set forth in Paragraphs 1 through 81 above are re-alleged and incorporated herein by reference.

84. Plaintiff NXXXXXX RXXXXX, a minor, is the sole surviving daughter of Mr. Romero and was dependent on him for financial support and affection and accordingly has standing to bring this action under Code of Civil Procedure Section 377.60 to bring an action arising out of the wrongful death of Mr. Romero

85. Defendant Officers, and each of them, without proper cause or justification, repeated fired at Mr. Romero, causing his death.

86. As a direct and proximate result of Defendants' actions, Mr. Romero was killed and Plaintiff NXXXXXX RXXXXX, a minor suffered, and continue to suffer, the loss of society, care, comfort, companionship, solace and more as well as the economic support of decedent.

87. Defendants' conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, Plaintiffs seek an award of punitive and exemplary damages in an amount according to proof, in addition to economic and non-economic damages.

## NINTH CAUSE OF ACTION
## (Assault Battery)

88. The allegations set forth in Paragraphs 1 through 87 above are re-alleged and incorporated herein by reference.

89. Plaintiff NXXXXXX RXXXXX, a minor, is the sole surviving daughter of Mr. Romero and was dependent on him for financial support and affection and accordingly has standing to bring this action under Code of Civil Procedure Section 377.60 to bring an action arising out of the wrongful death of Mr. Romero.

///

///

///

16
**COMPLAINT FOR DAMAGES**

90. Defendant Officers, and each of them, without proper cause or justification, repeatedly fired at Mr. Romero in what was an unauthorized and unlawful assault and battery and touching of Mr. Romero and caused his death.

91. As a direct and proximate result of Defendants' actions, Mr. Romero was killed and Plaintiff NXXXXXX RXXXXX, a minor suffered, and continue to suffer, the loss of society, care, comfort, companionship, solace and more as well as the economic support of decedent.

92. Defendants' conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, Plaintiffs seek an award of punitive and exemplary damages in an amount according to proof, in addition to economic and non-economic damages.

## V. PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment as follows:

1. For compensatory damages including economic and noneconomic damages;
2. For exemplary and punitive damages as allowable by law;
3. For statutory damages and/or penalties as provided by law;
4. For an award of interest, including pre-judgment interest, at the legal rate;
5. For reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;
6. For costs of suit incurred herein; and
7. For such other and further relief as this court may deem just and proper.

Respectfully Submitted,

**THE HALEY LAW OFFICE, P.C.**

Dated: October 3, 2013

MATTHEW D. HALEY, ESQ.
Attorney for Plaintiffs